By the Court.
Prior to the eleventh day of April, 1871, L., then a married man, gave a mortgage on lands to M., the wife of L. not joining, and on that day the wife of L. filed her petition against her husband for divorce and alimony, and described in her petition the lands and the mortgage thereon. At the June term, 1871, a divorce was granted to her by reason of the aggressions of the husband, and the mortgaged lands were decreed to her as alimony, subject to the payment of the mortgage.
In 1873, M. obtained a decree of foreclosure of his mortgage against L. and his divorced wife, and in 1878 the lands were sold under said decree and bid in by M., sale confirmed, deed made, and M. put into possession of the lands. In May, 1887, L. died, and thereupon his widow, who had *208 married a Mr. Ferguson in the meantime, began suit against M. lor dower in the land. Held: That she is not entitled to such dower. It is urged in behalf of the widow that she never relinquished her right of dower in the lands ; that the condition of the mortgage being then broken, L. had no title to the lands, but only an equity of redemption; that this equity of redemption only was allowed to her, and not the full title to the lands.
Section 5699, Revised Statutes provides that where the wife procures a divorce from her husband, by reason of his aggression, she shall, among other things, if she survive him, “be entitled to her right of dower in the real estate of her husband, not alloioed. to her as alimony, of which he was seized at any time during coverture, and to which she had not relinquished her right of dower.”
This section of the statute deals with the land, rather than with the title. The decree in the divorce case ordered that she have and hold in her own rig’ht the lands in question, and ordered L. to convey the same to her, and in default that the decree stand and operate as such conveyance. She prayed to have the land allowed to her as alimony, and when so allowed she accepted it, resided thereon, and paid a small part of the mortgage debt. By the express provisions of the statute she is not entitled to dower in the same lands allowed to her as alimony.
The judgment of the circuit court, allowing her dower, is reversed, and the judgment of the court of common pleas is affirmed.

Judgment reversed.